UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RODNEY L GARROTT,<br><br>                    Petitioner,<br><br>        v.<br><br>PATRICK GLEBE,<br><br>                    Respondent. | CASE NO. C14-253 MJP<br><br>ORDER ON REPORT AND RECOMMENDATION |

The above-entitled Court, having received and reviewed

1. Report and Recommendation (Dkt. No. 21)

2. Petitioner's Objection to Magistrate's Report and Recommendation (Dkt. No. 36)

as well as all relevant portions of the court record (including the Administrative Record; Dkt. No. 18), rules as follows:

IT IS ORDERED that the Report and Recommendation is ADOPTED; Petitioner's habeas petition is DISMISSED with prejudice.

ORDER ON REPORT AND
RECOMMENDATION- 1

IT IS FURTHER ORDERED that, Petitioner having failed to make a substantial showing of the denial of a constitutional right or demonstrate that reasonable jurists could disagree with the dismissal of his petition, a Certificate of Appealability is DENIED.

**Discussion**

Both the factual and procedural history of this petition are detailed thoroughly in the Report and Recommendation. (Dkt. No. 21 at 2-6.) The Court will not reiterate them here.

Petitioner makes two claims to habeas relief in the instant petition:

1. The violation of a Sixth Amendment right to effective assistance of counsel.
2. The violation of his due process rights as a result of the State's failure to resentence him automatically and immediately based on the reversal of a previous conviction.

Petitioner is, in fact, not entitled to relief on either basis. He has failed to exhaust his ineffective assistance of counsel claim. Because he chose not to challenge the effectiveness of his legal assistance until many years after the fact (and then raised the issue for the first time in a petition to the Washington Supreme Court), the claim was dismissed on procedural grounds and thus was not properly exhausted. His objections present no argument that he was prevented from raising the ineffectiveness issue in a timely manner nor any other defense to the procedural default. He is not entitled to habeas relief on this claim.

The Report and Recommendation fully addresses Petitioner's argument that the State is required, on its own, to search for sentences which have been impacted by the reversal of another sentence and to automatically resentence a prisoner who has had a sentence reversed on appeal. In the face of the R&R's assertion that there is no federal precedent which requires the State to respond in this manner, Petitioner has offered no legal precedents which support his position. His objections are a muddled amalgam of other case citations on unrelated issues and his total

failure to offer any legal support for the issues he raises in his habeas petition is the final proof of the invalidity of his claims.

Finally, the Court joins in the Magistrate Judge's conclusion that Petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrate that reasonable jurists could disagree with the dismissal of his petition. On that basis, the Court denies the issuance of a certificate of appealability.

**Conclusion**

Petitioner presents no support, in either statute or case law, for the claims in his habeas petition and it is DISMISSED with prejudice. The Court also declines to issue a certificate of appealability in the face of Petitioner's failure to make a substantial showing of the denial of a constitutional right or demonstrate that reasonable jurists could disagree with the dismissal of his petition.

The clerk is ordered to provide copies of this order to the Magistrate Judge, Petitioner, and all counsel.

Dated this 10th day of April, 2015.

Marsha J. Pechman
United States District Judge

ORDER ON REPORT AND
RECOMMENDATION- 3